**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

Kevin Fernandez,                                     )
                                                     )
                                                     )        **ORDER**
                            Plaintiff,               )
                                                     )
        vs.                                          )
                                                     )
State of North Dakota, et. al.,                      )        Case No. 1:12-cv-161
                                                     )
                            Defendants.              )

---

Plaintiff is an inmate in Nevada's Ely State Prison. He initiated the above-entitled action pro

se in November 2012. On December 7, 2012, the court granted plaintiff leave to proceed *in forma*

*pauperis* and directed the Clerk's office to file plaintiff's complaint and effectuate service of it upon

defendants.

Defendants filed an answer to plaintiffs' complaint on February 4, 2013. Thereafter the court

directed each of the parties to submit a proposed scheduling and discovery plan by March 15, 2013.

On February 11, 2013, plaintiff filed a "Motion to Increase Copy Fee Limit." He asks that

the court order a $125.00 increase in the copy fee limit imposed upon him by the Nevada

Department of Corrections ("NDOC"). [1] Specifically, he avers:

> Pursuant to NDOC's Administrative Regulation (AR) 722, plaintiff must receive a
> court order in order to receive an increase in his copy fee limit. Currently, the United
> States District court, District of Nevada, in case Fernandez v. D. Centric, 3:12-cv-
> 401-LRH-WGC (D. Nev. 2012) increased Plaintiff's copy fee limit, but restricted it
> to that case only. See Fernandez, 3:12-cv-401 (Docket # 74), at 3. The Plaintiff is

---

[1] NDOC Administrative Regulation (AR) 722 governs copying of legal documents by inmates in NDOC
custody. It provides that "[c]opies of legal documents requested by inmates may be made for a nominal fee" and
that "[i]nmates can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." NDOC
AR 722.01(7), at <http://www.doc.nv.gov/sites/doc/files/pdf/ar/AR722.pdf>

1

a pauper and has no money to afford copies under AR 711, the plaintiff will charge copies to his account, and when able, he will repay the NDOC for those costs. Unless the Court increases the plaintiff's copy fee limit, plaintiff will not be able to copy motions, pleadings, exhibits and other documents which this Court mandates. See FRCP5; D.N.D. L.R. 4.1, 5.1, 7.1

* * *

In the case at bar, FRCP 5 and this Court's Local Rules require Plaintiff to file all copies on the court and on Defendants. See D.N.D. Civ. L.R. 4.1, 5.1, 7.1 FRCP 26 requires Plaintiff to provide defendants with a copy of discoverable documents and respond to discovery requests. The plaintiff has no means to comply with these rules unless the Court orders the NDOC to increase the Plaintiff's copy fee limit.

(Docket No. 36 (errors in original).

On February 12, 2013, defendants filed a response to plaintiff's motion. They do not take a position to plaintiff's request as it pertains to the NDOC and its regulations. They do, however, recommend that plaintiff be required to serve his motion on the NDOC.

While this court hopes that Nevada correctional authorities will be reasonable in providing plaintiff access to the courts, this court has no jurisdiction over them and any problems that plaintiff has with respecting to copying will have be addressed in either the state or federal courts in Nevada. Accordingly, plaintiff's "Motion to Increase Copy Fee Limit" (Docket No. 36) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 5th day of March, 2013.

_/s/ Charles S. Miller, Jr._____
Charles S. Miller, Jr., Magistrate Judge
United States District Court