# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Kevin Fernandez, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | Case No. 1:12-cv-161 |
| State of North Dakota, et. al., ) | |
| ) | |
| Defendants. ) | |

The plaintiff, Kevin Fernandez ("Fernandez"), is presently in the custody of the Nevada Department of Corrections. Apparently, in May 2011, he was transferred from Nevada to the North Dakota State Penitentiary ("NDSP") for long-term custodial housing pursuant to an agreement struck between the states of Nevada and North Dakota. However, he was ultimately transferred back to Nevada.

In December 2012, Fernandez initiated the above-entitled action by complaint, alleging, *inter alia*, that defendants had fabricated incident reports against him and arranged for from the NDSP transfer back to Nevada in retaliation for his exercise of his constitutional rights while incarcerated at the NDSP.

On March 22, 2013, Fernandez filed a "Motion for Court to Issue and Serve Subpoena Duces Tecum." He is requesting the court's assistance in subpoenaing from the Federal Bureau of Investigations North Dakota field offices the results of any investigation agents may have conducted as a result of plaintiff's incarceration in North Dakota.

The issuance of subpoenas to a prisoner raises two concerns: (1) the possibility that the prisoner may abuse of the court's subpoena power; and (2) the viability of subpoenas as a tool for

evidence collection given the prisoner's custodial status. Before the court the will authorize the issuance of subpoenas to a prisoner, it typically requires that the prisoner first provide some or all of the following information: (1) the name and address of the person (or entity) to whom each subpoena will be directed; (2) the purpose for each subpoena; (3) the prisoner's wherewithal to conduct any proceeding for which the subpoenas might be issued; (4) the prisoner's ability to tender any witness and other fees that may be required for the subpoenas; and (5) if other means of discovery are available, a demonstration by the prisoner that these other means are neither practical nor likely to result in the production of the needed information.

Fernandez has not provided the court with any of the aforementioned information. Moreover, he hypothesizes that his presence at the NDSP may have triggered a federal investigation, the results of which could have tangential relevance to his claims against defendants, all whom are employed by the State. The court is not inclined to grant Fernandez the means of conducting this obvious fishing expedition and issue subpoenas for documents from a non-party based upon a hypothetical investigation. Accordingly, Fernandez's motion (Docket No. 43) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2013.

> */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr.
> United States Magistrate Judge