**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

Kevin Fernandez,                )
                                )
    Plaintiff,          )   **ORDER**
                                )
vs.                             )
                                )   Case No. 1:12-cv-161
State of North Dakota, et. al., )
                                )
    Defendants.         )

Before the court are plaintiffs' "Motion for Court to Compel the Defendants to Attach North Dakota Authorities to their Filings" and "Motion for Copies at Government Expense." For the reasons set forth below, the former motion is deemed moot and the latter motion is denied.

### I. BACKGROUND

Plaintiff is in the custody of the Nevada Department of Prisons. He was temporarily transferred to North Dakota, where he was housed at the North Dakota State Penitentiary. He was later returned to Nevada. He is currently residing at the Ely State Prison in Ely, Nevada.

On May 3, 2013, plaintiff filed a motion to amend his complaint to assert additional claims against defendants for alleged violations of his privacy rights, disability discrimination in violation of the Americans with Disabilities Act and Rehabilitation Act, interference with his right to contract, and defamation.

On May 13, 2013, defendants filed a response to opposition to plaintiff's motion. They asserted that plaintiff's additional claims were not viable. With respect to plaintiff's state law claims for defamation and interference with his right to contract, they relied in part on state statute and case law.

1

On May 31, 2013, plaintiff filed a motion requesting that the court order defendants to provide him with copies of the North Dakota cases and statutes they had relied on in the past (in their aforementioned response to his motion to amend) and may rely on going forward. He also filed a separate motion requesting that the court order defendants pre-pay his copying expenses by depositing $125.00 in his "Department 2 charges account."[1]

On June 10, 2013, defendants filed responses in opposition to the plaintiffs' motions. They categorically reject the notion that they are duty-bound to front plaintiff's copying costs or otherwise provide him with copies of either the case law or statutes on which they rely. They further suggest that plaintiff take issue of his photocopying expenses up with his custodian, the Nevada Department of Prisons.

## II. DISCUSSION

Plaintiff claims: (1) the Ely State Prison's library does not have North Dakota legal materials; (2) he cannot prepare meaningful responses to defendants filings if he cannot the review the North Dakota authorities on which defendants rely; (3) his access to the court is contingent upon his ability photocopy documents; (4) prison officials have a duty to provide photocopies to indigent prisoners when necessary to access to the courts; and (5) because they were the custodians at the time the events giving rise to this action transpired, this duty falls on defendants; and (6) it is within the court's discretion to order defendants to pay for his photocopies. For support, he cites Fed. R. Civ. P. 83, 28 U.S.C. § 1651, Lehn v. Holmes, 364 F.3d 862, 867-69 (7th Cir. 2004) (recognizing

---

[1] Defendants responses to plaintiff's discovery requests may have been what prompted plaintiff to file his motion demanding that they pay his copying expenses. In his motion, plaintiff complains: "Defendants served all documents pursuant to a request for production on a CD Rom knowing very well Plaintiff has no access to a computer or means to print the documents. Therefore plaintiff will need to make copies of exhibits in his presentation of his motions." (Docket No. 53).

2

the custodial institution's duty to provide an inmate meaningful court access included the provision of legal materials from another state); Sahagian v. Dickey, 827 F.2d 90, 93-94 (8th Cir. 1987) (rejecting a prisoner's contention that Wisconsin prison officials violated his constitutionally-protected right to access to the courts by failing to provide him with Wisconsin legal materials while he was incarcerated in an out-of-state federal facility); Sills v. Bureau of Prisons, 761 F.2d 792, 796 (D.C. Cir. 1985) (addressing a custodial institution's duty to ensure prisoners have meaningful access to the courts); Rich v. Zitnay, 644 F.2d 41, 43 (1st Cir. 1981) (concluding that the "sending state" retained responsibility for providing inmates research and legal assistance insofar as they were seeking post-conviction relief in the "sending state"); Cooper v. Sumner, 672 F.Supp. 1361, 1365 796 (D. Nev. 1987) (recognizing the following as a basis for a viable § 1983 based on lack of access to the courts: a Nevada prisoner incarcerated in Arizona whose alleged inability to access Nevada statutes and case law prevented him from seeking post-conviction relief); Story v. Morgan, 786 F. Supp. 523, 527-28 n. 3 (W.D. Pa. 1992) (intimating that Pennsylvania's duty to provide its inmate access to legal materials did not terminate upon his temporary transfer out-of state); Glick v. Lockhart, 769 F.2d 471, 472 (8th Cir. 1985) (holding that an inmate did not have a right to unlimited free access to mail); Gluth v. Kaugas, 951 F.2d 1504, 1508-10 (9th Cir. 1991) (addressing amongst other things the efficacy of a departmental policy that forces indigent inmates to choose between purchasing hygienic supplies and legal materials); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988) (dismissing as patently frivolous the contention that access to the courts was impaired by the lack of copy paper and limited access to reproduction equipment); Harrington v. Holshouser, 741 F.2d 66, 69 (4th Cir. 1984) (remanding a case to the district court "with instructions to make appropriate findings of fact concerning the training of prisoner paralegals

3

and the availability of copying facilities to indigent inmates"); Jones v. Franzen, 697 F.2d 801, 803-04 (7th Cir. 1983) (addressing an inmate's § 1983 claim that he had been denied copying privileges); Johnson v. Parke, 642 F.2d 377, 379-80 (10th Cir. 1981) (addressing a claim challenging a policy concerning how many photocopies of legal documents to which an inmate is entitled); Rhodes v. Robinson, 612 F.2d 766, 771 (3d Cir. 1979) (rejecting a inmate's claim that the prison administrators violated his constitutional rights to the extend that they were profiteering from prisoners use of a photocopier).

First, the court finds that plaintiff's motion for copies is moot. The court denied plaintiff's motion to amend his complaint on procedural grounds, not on the merits. Thus, plaintiff's purported inability to access state statutes and case law was, in the final analysis, inconsequential. As for the claims as set forth in plaintiff's original complaint, they are neither predicated upon nor otherwise involve the application of state law. Consequently, the court has difficulty fathoming a circumstance when defendants would either rely on state law or plaintiff would need access to it going forward.

As for plaintiff's novel request for photocopying money from defendants, the case law on which plaintiff relies is factually distinguishable from the case at bar and otherwise fails to support the proposition that defendants must bear plaintiff's copying expenses. Plaintiff is not in defendants' custody or control, plaintiff is not attempting to directly or collaterally attack a conviction in this district, defendants have no say over policies at the Ely State Prison, and defendants have no control over plaintiff's access to a copier. Consequently, the court will not require defendants to deposit money into plaintiff's "Department 2 charges account."[2]

---

[2]Under the rules of discovery, the presumption is that the responding party must bear the expense of complying with discovery requests. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978). A party may, however, invoke the court's discretion under Fed. R. Civ. P. 26(c) and request a protective order due to "undue burden or expense" and condition discovery on the requesting party's payment of the costs of discovery. Id.

4

Plaintiff's "Motion for Court to Compel the Defendants to Attach North Dakota Authorities to their Filings" (Docket No. 52) is deemed **MOOT**. Plaintiff's "Motion for Copies at Government Expense" (Docket No. 53) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 17th day of July, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court