**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Kevin Fernandez, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:12-cv-161 |
| State of North Dakota, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is a "Motion to Amend Civil Rights Complaint, and Motion to Reconsider Magistrate's Order Doc # 63" (Docket No. 76) and "Motion to File Supplemental Points to the Motion to Amend" filed by the plaintiff, Kevin Fernandez ("Fernandez"). For the reasons set forth below, the former is denied and the latter is deemed moot.

**I.    BACKGROUND**

Fernandez is presently in the custody of the Nevada Department of Corrections. In May 2011, he was apparently transferred from Nevada to the North Dakota State Penitentiary ("NDSP") for long-term custodial housing pursuant to an agreement struck between the states of Nevada and North Dakota. He was ultimately transferred back to Nevada.

Fernandez filed suit against defendants in December 2012, asserting claims for deliberate indifference (Claims 1 and 2), retaliation (Claim 3), denial of due process (Claim 4), and violations of first and sixth amendment rights (Claim 5).

On May 3, 2013, Fernandez filed a motion for leave to file an amended complaint that, in addition to identifying defendants by their first and last names, asserted additional causes of action against defendants for alleged violations of his right to privacy, disability discrimination in violation

1

of the Americans with Disabilities Act and Rehabilitation Act, interference with his right to contract, and defamation.

On June 11, 2013, the undersigned issued an order denying Fernandez's motion, opining:

> Fernandez's request to assert additional claims is problematic in several respects. First, allowing him to incorporate these new claims, which at best, are only marginally related to the six causes of action asserted in his original complaint, will only to further obfuscate the issues and unnecessarily protract matters.
> Secnd allowing Fernandez to assert additional claims with only a marginal relationship to his original claims would circumvent the Prison Litigation Act's (PLRA) screening requirement and frustrate the congressional intent behind the PLRA's "three strikes" provision, codified at 28 U.S.C. 1915(g). It was Congress' intent when enacting the "three strikes" provision to limit the ability of individual prisoners to file repeated, meritless actions by imposing a cap on the number of such actions. Once the cap is reached, the ability of a prisoner to file new actions is greatly circumscribed. Obviously, allowing a prisoner to load up lawsuits with marginally related claims limits the effectiveness of the "three strikes" provision. See, e.g., Nelson v. Francis, No. 2:02–CV–03472003, WL 21766528, at *2 (N.D. Tex. July 29, 2003); see also George v. Smith, 507 F.3d 605 (7th Cir. 2007).
> Third, allowing joiner of marginally related claims would permit Fernandez to skirt the PLRA's filing fee requirements, codified at 28 U.S.C. 1915(b) (requiring prisoners who proceed *in forma pauperis* to pay the filing fee over time through successive draws on their prison accounts). See Williams v. Harmon, No. 2:07CV00114, 2007 WL 3046170, at *3 (E.D. Ark. Oct. 15, 2007). The filing fee requirement is a further attempt by Congress to discourage the filing of repeated frivolous claims. See e.g, Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th cir. 1997).
>
> * * *
>
> The court need not address the viability of Fernandez's proposed claims as the marginal relationship between Fernandez's new and old claims is reason enough to deny his motion. If Fernandez believes he has legitimate claims with respect to the proposed amendments to his pleadings, he can file a separate action.

(Docket No. 63).

On July 12, 2013, Fernandez filed what the court construed as an appeal of the undersigned's order denying his motion for leave to file an amended complaint. The court reviewed the record in its entirety and concluded that the undersigned's order was neither clearly erroneous nor contrary

2

to the law. Consequently, on July 30, 2013, it issued an order denying Fernandez's appeal.

On August 2, 2013, Fernandez filed a "Motion to Amend the Civil Rights Complaint, and Motion to Reconsider the Magistrate's Order Doc # 63." He again seeks leave to amend his complaint to assert claims for disability discrimination in violation of the Americans with Disabilities Act and Rehabilitation Act, interference with his right to contract, and defamation. He also seeks leave to assert claims for promissory and equitable estoppel.

Defendants filed a response in opposition to Fernandez's motion on August 6, 2013, averring that the granting the motion would cause undue delay and, in any event, his amendments are futile.

On August 23, 2013, Fernandez filed a reply to defendants' response. On September 9, 2013, Fernandez filed a "Motion to File Supplemental Points to the Motion to Amend."

## II.  DISCUSSION

First, the undersigned finds no basis for reversing its order denying Fernandez's initial motion to amend. Second, the undersigned notes that shortly after filing the instant motion to amend and for reconsideration," Fernandez initiated a second, separate action in which he essentially asserts the claims that are the subject of the instant motion.[1] The court is in the process of conducting its initial review of Fernandez's claims in his second action as mandated by 28 U.S.C. § 1915A. As the proposed amendments in this case are duplicative of the claims asserted in a second, separate action (Fernandez v. North Dakota Department of Corrections and Rehabilitation, et. al., Case No. 1:13-cv-094) which remains pending and under active consideration by this court,

---

[1] Fernandez initiated a second action on August 12, 2013, with the submission of an application to proceed *in forma pauperis* and proposed complaint. See Fernandez v. North Dakota Department of Corrections and Rehabilitation, et. al., Case No. 1:13-cv-094, at Docket Nos. 1, 2, and 7. The undersigned granted the application to proceed *in forma pauperis* and directed the Clerk's office to file the complaint. Id. at Docket No. 7. As the court had yet to undertake a substantive review of Fernandez's claims as mandated by 28 U.S.C. § 1915A, the undersigned further instructed that the Clerk's office was not to serve defendants with the summons and complaint unless and until directed to so. Id.

the instant motion is subject to dismissal.  Cf. Means v. Englehardt, No. 09–8749, 2010 WL 3169852 at *5 (E.D. La. July 12, 2010) ("[P]laintiff's motions to amend his complaint must be denied under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1) because the amendments are malicious and repetitive of the same claims asserted in another case filed in this court.  Specifically, plaintiff's assertion in this case of claims against the same defendants, based on an alleged assault by another inmate and an assault by prison officials in April 2006, are duplicative of the same claims he has asserted in 'Means v. Seal et al.,' C.A. No. 06–5703 'N' (5), which remains pending and under active consideration in this court.").

### III. CONCLUSION

Fernandez's "Motion to Amend the Civil Rights Complaint, and Motion to Reconsider the Magistrate's Order Doc # 63" (Docket No. 76) is **DENIED**.  Fernandez's "Motion to File Supplemental Points to the Motion to Amend" (Docket No. 86) is deemed **MOOT**.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court