**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

Kevin Fernandez,                              )
                                              )
                    Plaintiff,                )          **ORDER**
                                              )
            vs.                               )
                                              )          Case No. 1:12-cv-161
State of North Dakota, et. al.,               )
                                              )
                    Defendants.               )

On September 3, 2013, Plaintiff Kevin Fernandez ("Fernandez") filed a "Motion for Telephonic Conference with Magistrate Pursuant to Rule D.N.D. Civ. L.R. 37.1(B)."  October 24, 2013, he filed a "Motion to Clarify Scheduling Order Doc. #40," a  "Motion to Exceed the Number of Interrogatories Plaintiff May Serve On Defendants," and Motion for Leave to Depart from the Obligation of D.N.D. Civ. L.R. Rule 37.1(B)." For the reasons set forth below, the "Motion for Telephonic Conference with Magistrate Pursuant to Rule D.N.D. Civ. L.R. 37.1(B)" is deemed moot, the "Motion for Leave to Depart from the Obligation of D.N.D. Civ. L.R. Rule 37.1(B)" is granted, and the motions " to Clarify Scheduling Order Doc. #40" and "Exceed the Number of Interrogatories Plaintiff May Serve On Defendants" are granted in part.

I.      **BACKGROUND**

Paragraph 9 of the court's March 29, 2013, scheduling order provides in relevant part that "[e]ach party shall serve no more than 25 interrogatories, including subparts." (Docket No. 40). Interpreting this mean that he could serve 25 interrogatories on each defendant, Fernandez served 176 interrogatories in total on defendants: 22 on the State, 25 on Defendant Steve Foster; 21 on Defendant Patrick Branson; 25 on  Defendant Robyn Schmalenberger; 22 on Defendant Leann K.

Bertsch; 16 on Defendant Sean Conway; 12 on Defendant Patrick Ross; 12 on Defendant Marc Schwehr; and 21 on the Department of Corrections and Rehabilitation ("DOCR").[1] Defendants objected on the grounds that the court's scheduling limits the number of interrogatories to 25 per side.

On October 24, 2013, Fernandez filed motions seeking clarification on the number of interrogatories he is permitted to serve and otherwise requesting leave to serve up to 25 interrogatories on each defendant. He avers:

> The Plaintiff is a pro se incarcerated litigant appearing in in forma pauperis. He has no ability to investigate or discovery facts except by way of discovery. Initially, Defendants answered critical interrogatories and requests for production of documents stating they had no contract with Nevada, had not accepted Plaintiff for transfer via the Interstate Corrections Compact, and had only done the State of Nevada a favor in accepting Plaintiff as a transfer.
>
> Plaintiff had to use twenty five interrogatories, and file a new action for breach of contract against the State of Nevada, to get Defendants to finally admit there was a contract between Nevada and North Dakota. However, because now North Dakota contests the validity of the contract ant it does not control Plaintiff's transfer, Plaintiff had serve additional interrogatories on Defendants. However, Plaintiff's interrogatories served to date does not exceed those allowed by FRCP 33(a).
>
> ***
>
> Plaintiff needs to be able to serve the twenty five interrogatories on each party because this is the only means of obtaining the evidence he needs. Defendants control all of the evidence in this action and the only way Plaintiff can obtain it is through discovery. Public policy in 42 USC § 1983 cases dictates a liberal discovery because these cases have special import to be resolved by a determination of the truth. Public confidence in the system, and government, are threatened in 42 USC § 1983 cases if a liberal discovery is not allowed.
>
> * * *
>
> Additionally, Plaintiff alleges three difference claims involving different Defendants. Therefore Plaintiff needs the total of twenty five interrogatories to prove all of his claims. Additionally, Defendants have changed their responses why they sent Plaintiff back to Nevada. This caused Plaintiff to have to serve an additional series of questions. Therefore, the Plaintiff has made a showing of good

---

[1]According to defendants, they have received a total of 983 discovery requests (698 requests for admissions, 109 requests for production, and 176 interrogatories) from Fernandez to date.

cause for why he needs to have all twenty five interrogatories available to EACH separate defendant.  Plaintiff's need is caused by Defendants initial evasive and deceptive responses, the number of claims in the complaint (9), and defendants changing of defenses. This is a showing of good cause.

Additionally, Plaintiff's need falls squarely within the limits allowed by FRCP 26(b)(2).  The FRCP 33(a)(1) allows up to twenty five interrogatories to be served on each separate Defendant.  Therefore, Plaintiff is only asking for the same Interrogatories allowed to any other litigant, and his request could not be deemed as overly burdensome since the rules allows as much anyway.

Finally, the Court has never made the findings allowing Plaintiff to utilize the number of interrogatories would be overly burdensome or unduly expensive.  When a Court moves to restrict such discovery, such a showing should be made.

(Docket No. 92) (errors in original) (internal citations omitted).

Defendants filed responses in opposition to Fernandez's motions on October 25, 2013.  They take the position that, for all practical purposes, an interrogatory to the DOCR is the equivalent to an interrogatory to each individual defendant, thus eliminating the need for an inmate to serve 25 interrogatories on each individual defendant.  Specifically, they aver:

The Court also wisely imposed the limitation knowing that the Department of Corrections and Rehabilitation (DOCR) and the Individual Defendants are, for all practical purposes, one party. This means that an interrogatory to the DOCR is equivalent to an interrogatory to each Individual Defendant, eliminating the need for an inmate to serve 25 separate interrogatories on each Individual Defendant. This is because a response by DOCR to an interrogatory includes the information known by and available to each Individual Defendant, as well as other DOCR employees. Thus, by serving 25 interrogatories to DOCR, Plaintiff is in essence serving 25 interrogatories on each Individual Defendant.  This is evidenced by Plaintiff's own interrogatories.

In his First Request for Interrogatories to Defendant State of North Dakota, Plaintiff instructed the State "to furnish such information that [it has] available to [it], not merely the information or documents that [it has] personal knowledge of. This includes any information or documents in the possession of the agents, employees, attorneys, investigators, etc., for the answering party." Thus, the interrogatories were directed to each and every Defendant, not just the State. In its response, the State explained the scope of its response: "Because the individual Defendants are employees of the State of North Dakota, the State of North Dakota's responses include information known to and available to the Individual Defendants."

By limiting inmates to "no more than 25 interrogatories," the Court also prevents inmates from fabricating parties or adding unnecessary parties to increase

3

the number of permitted interrogatories. For example, under Plaintiff's distorted
reading of the Scheduling Order, an inmate could triple the number of potential
interrogatories by naming as defendants the State of North Dakota, the DOCR, and
the North Dakota State Penitentiary (NDSP) instead of just the State, despite the fact
DOCR and NDSP are legally and factually the equivalent of the State.2 Similarly,
an inmate could endlessly multiply the number of potential interrogatories by naming
as defendants DOCR staff that had little or nothing to do with the alleged violation
(as Plaintiff did in this case). It is contrary to sound public policy and Rules 1 and 26
of the Federal Rules of Civil Procedure to adopt scheduling orders that encourage the
addition of duplicative and unnecessary parties and repetitive, burdensome, and
fruitless discovery.

(Docket No. 94). In the event that the court were to conclude that Fernandez has a legitimate need
to serve in excess of 25 interrogatories, they ask that he be limited to 10 additional interrogatories
to be served on the DOCR.

Fernandez filed replies to defendants' aforementioned responses on November 11, 2013.
He reiterates his position that he is entitled to serve 25 interrogatories on each named defendant.
In so doing, he avers: (1) the State, the DOCR, and their employees are separate and distinct
entities; (2) he has not had an adequate opportunity to conduct discovery because of changes in
defendants' position; (3) he has demonstrated a need to serve the additional interrogatories; and (4)
the limit of thirty-five interrogatories as proposed by defendants is insufficient.

## III.   DISCUSSION

Fed. R. Civ.P. 33(a)(1) provides in relevant part that a " a party may serve on any other party
no more than 25 written interrogatories, including all discrete subparts."   A literal reading of this
rule permits any party to serve up to 25 interrogatories on any other party.   See Fed.R.Civ.P.
33(a)(1); see also St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217
F.R.D. 288, 289 (D. Mass. 2003) ("Under the plain terms of Rule 33(a), each defendant could,
without leave of court, serve 25 interrogatories on the plaintiff."); Madison v. Nesmith, 2008 WL

619171, *3 (N.D.N.Y.2008) ("Under Rule 33, plaintiff was entitled to serve up to 25 Interrogatories on each of the three defendants."). That being said, the court " is given wide discretion to enlarge, or place limitation upon, the number of interrogatories in any given case." <u>Ybanez v. Milyard</u>, 10–cv–2234–RBJ–MJW, 2012 WL 1936557 at * 2 (D. Colo. May 29, 2012); <u>see</u> <u>also</u> <u>United States v. Louisiana</u>, No. 11–470–JJB, 2012 WL 832295 at *4 (M.D. La. March 9, 2012) ("Rule 26(b)(2)(A) expressly permits a court to 'alter the limits in these rules on the number of ... interrogatories' as well as 'limit the number of requests under Rule 36.' These Rules provide relatively little guidance to judges on the standards to be employed. This grants them wide latitude wide latitude to make discovery rulings based on their impressions on a variety of topics . . . .").

Given the manner in which his interrogatories were apparently framed and fact that defendants are all being represented by the same attorney, the court is inclined in this instance to consider defendants as one party for purposes of the 25-interrogatory limit. <u>See</u> <u>Vinton v. Adams Aircraft Ind., Inc.</u>,232 F.R.D. 650, 664 (D. Colo 2005) (citing 8A Wright, Miller and Marcus, <u>Federal Practice and Procedure</u>, Civil 2d § 2168.1, for the proposition that nominally separated parties may be considered one party for purposes of the 25-interrogatory limit); <u>cf.</u> <u>Perez v. Wis. Dept. of Corr.</u>, No. No. 04-C-1062, 2007 WL 1062247 at *1 (E.D. Wis. April 5, 2007) (concluding that, for purposes of computing the number of interrogatories serve, its local rules contemplated that parties represented by one attorney or agency are regarded as one party). However, given the nature of his claims and his limited means of conducting discovery, the court, in its discretion, is also inclined to permit him to serve an additional twenty-five additional interrogatories, or fifty interrogatories in total. The allowance of twenty-five additional interrogatories will afford Fernandez ample opportunity for discovery and simultaneously address defendants' concerns

5

regarding abuse.

## III.   <u>CONCLUSION</u>

The "Motion for Telephonic Conference with Magistrate Pursuant to Rule D.N.D. Civ. L.R. 37.1(B)" (Docket No. 84)   is deemed **MOOT**.   The "Motion for Leave to Depart from the Obligation of D.N.D. Civ. L.R. Rule 37.1(B)" (Docket No. 93) is **GRANTED**. The "Motion to Clarify Scheduling Order Doc. #40"(Docket No 91) and "Exceed the Number of Interrogatories Plaintiff May Serve On Defendants" (Docket No. 92) are **GRANTED IN PART**.  Each side shall be permitted to serve a total of 50 interrogatories.

Dated this 9th day of December, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court