**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Kevin Fernandez, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:12-cv-161 |
| State of North Dakota, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## I. BACKGROUND

The plaintiff, Kevin Fernandez ("Fernandez"), is presently in the custody of the Nevada Department of Corrections. He was transferred from Nevada to the North Dakota State Penitentiary in May 2011 for long-term custodial housing pursuant to an agreement struck between the states of Nevada and North Dakota. He was transferred back to Nevada in September 2011.

Fernandez initiated the above entitled action in November 2012, asserting, amongst other things, that defendants had denied him his right to procedural due process, to wit:

> 39. On September 14, 2011, the Defendants Bertsch, Schmalenberger, Conway, Branson, and Fister did order, and had Plaintiff transferred to Nevada without providing Plaintiff any due process protections prior to transferring Plaintiff back to Nevada.
> 40. Plaintiff has a protected liberty interest in not being transferred back to Nevada and to remain in North Dakota created by the Settlement Agreement in Fernandez v. Nevada, 3:06-cv-628-LRH-RAM (D. Nev. 2006), and enforced through the Interstate Corrections Compact against North Dakota and Defendants, and protected by the Fourteenth Amendment.
> 41. The transferring of Plaintiff to Nevada and deprivation of his liberty interest without due process is an atypical and significant deprivation or hardship on Plaintiff in relation to the ordinary incidents of prison life.
> 42. Plaintiff was entitled to advanced written notice, a prior hearing in which Plaintiff could present evidence, witnesses, and cross-examination of witnesses, an independent decision maker, a decision based upon some evidence, and a written

> decision of the reason for and evidence relied upon.
>
> 43. Plaintiff was afforded none of these due process protections prior to being transferred back to Nevada, in violation of his Fourteenth Amendment procedural due process rights.

(Docket No. 9) (errors in original).

On October 29, 2013, Fernandez filed a "Motion for Court to Issue and Serve Subpoena Duces Tecum." He asks that subpoenas duces tecum be issued for the following non-parties, all of whom reside outside of this district: James Cox, Director of Nevada's Department of Corrections, Catherine Cortez Masto, Nevada's Attorney General, and Judy Matteucci, Clerk for the Board of Examiner. He seeks production of a verified copy of the aforementioned long-term custodial housing agreement between Nevada and North Dakota along with any and all documentation pertaining to the formulation of and Nevada's reliance on this agreement.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 45(a)(2)(c), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. The issuance of a subpoena duces tecum is subject to limitations, however.

"The Court has the 'discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings.'" Stockdale v. Stockdale, Case No. , 2009 WL 4030758 at *1 (E.D. Mo. Nov. 18, 2009) (quoting Manning v. Lockhart, 623 F.2d 536, 539 (8th Cir.1980) (per curiam)); Jackson v. Brinker, No. IP 91–471–C, 1992 WL 404537 at * 7 (S.D. Ind. 1992) (opining that courts have the " inherent and statutory power to supervise an in forma pauperis party's litigation to the end of preventing abuse of the court's process and the privileges granted him under § 1915, and that this authority extends to screening an indigent party's requests for issuance and service of subpoena duces tecum on non-parties."). "This power should

2

be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties." Stockdale v. Stockdale, 2009 WL 4030758 at *1; see also Heilman v. Lyons, No., 2010 WL 5168871 at *1 (E.D. Cal. Dec. 13, 2010) ("Proper reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) . . . and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1).").

The issuance of subpoenas to a prisoner raises two concerns: (1) the possibility that the prisoner may abuse of the court's subpoena power; and (2) the viability of subpoenas as a tool for evidence collection given the prisoner's custodial status. Thus, before the court the will authorize the issuance of subpoenas to a prisoner, it typically requires that the prisoner first provide some or all of the following information: (1) the name and address of the person (or entity) to whom each subpoena will be directed; (2) the purpose for each subpoena; (3) the prisoner's wherewithal to conduct any proceeding for which the subpoenas might be issued; (4) the prisoner's ability to tender any witness and other fees that may be required for the subpoenas; and (5) if other means of discovery are available, a demonstration by the prisoner that these other means are neither practical nor likely to result in the production of the needed information. See e.g., Alexander v. Cal. Dept. of Corr., No. 2:08-cv-2773, 2010 WL 4069953 at *2 (E.D. Cal. Oct. 18, 2010) (addressing the limitations to which a subpoena duces tecum for a non-party is subject); see also Fed. R. Civ. P. 26(b)(2)(C) (empowering the court, on its own motion, to restrict discovery).

At first blush it would appear that Fernandez has other means of obtaining the information he seeks. It would stand to reason that defendants would be in a position to provide information

3

pertaining to the arrangement between North Dakota and Nevada to house Fernandez at the NDSP.[1]

Consequently, the court is not inclined to order the issuance of the subpoena duces tecum directing the production of documents from non-parties.

### III. CONCLUSION

Fernandez's "Motion for Court to Issue and Serve Subpoena Duces Tecum" (Docket No. 96) is **DENIED** without prejudice.

Dated this 18th day of December, 2013.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[1] An argument could be made that arrangements between North Dakota and Nevada to house Fernandez at the NDSP may have some relevance or could otherwise lead to the discovery of relevant information. Cf. Wright v. Enomoto, 462 F.Supp. 397 (D.C. Cal. 1976) (citing Meachum v. Fano, 427 U.S. 215, 226 (1976), for the proposition that "if the state itself imposes limits on its discretion by conditioning decisions such as prison transfers on a specific standard being met, the state creates a liberty interest which is protected by due process."); Reece v. Tucker, No. 91 C 6014 , 1992 WL 86064, at *2 (N.D. Ill. April 22, 1992) (opining that it is "equally well-established that state statutes, practices, or duly promulgated prison regulations may create liberty interests deserving of procedural protections of the Due Process Clause" (internal quotations omitted)); but see Ghana v. Pearce, 159 F.3d 1206, 1209 (9th Cir.1998) (concluding that the Interstate Corrections Compact (ICC) " Compact does not create a liberty interest protected by the Fourteenth Amendment" and an alleged violation of the ICC "cannot be basis for section 1983 action"). The court need not address the merits of any such argument at this time, however.