UNITED STATES DISTRICT COURT

DISTRICT OF NORTH DAKOTA

SOUTHWESTERN DIVISION

| | |
|---|---|
| KEVIN FERNANDEZ, Plaintiff, | MOTION FOR ENLARGEMENT OF TIME TO FILE PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION (#174). |
| v. | |
| STATE OF NORTH DAKOTA, et al., Defendants. | Case No. 1:12-CV-161-DLH-CSM |

Plaintiff, KEVIN FERNANDEZ, appearing in propria persona, moves the Court for an order granting Plaintiff an enlargement of time in which to file his Objections to the Magistrate's Report and Recommendation (#174) up to and including December 08, 2014.

This Motion is made and based upon the following Memorandum of Points and Authorities, all papers and documents on file herein, and other matters this Court may consider.

MEMORANDUM OF POINTS AND AUTHORITIES

On November 03, 2014, the Magistrate issued Report and Recommendation (174) concerning Summary Judgment, herein R+R (174). The R+R (174) is thirty five (35) pages long. Plaintiff did not recieve the R+R (174) until November 07, 2014. Plaintiff is an inmate currently incarcerated at the Northern Nevada Correctional Center (NNCC) in administrative segregation. His only access to legal research is through the NNCC law library which uses a paging system and only allows five (5) case printouts to check out at any one time. See Koerschner v. Warden, 508 F.Supp.2d 849, 857-61 (D.Nev.2007) (describing paging system currently used in NDOC); and Fernandez v. Baker, Case No. 3:13-cv-276-RCJ-VGP (D.Nev.2013) (Motion For TRO/PI describing NNCC law library).

When a party moves for an enlargement of time prior to the expiration of time to file, a court should allow such an enlargement when there is good cause to do so. FRCP 6(b)(1)(A); Director v. Carrillo, 227 Fed.Appx. 588, 590 (9th Cir. 2007). A party making a showing of good cause alleges the need for the enlargement is not the fault of the moving party and is beyond his control. Director, at 590; Tulsa World Pub. Co., 266 Fed Appx. 778, 791 (10th Cir. 2008); Donald v. Cook County Sheriff Dept., 95 F.3d 548 (7th Cir. 1996).

In the case at bar, the Plaintiff's need for the enlargement is beyond his control. He just received the RTR (174) and eight days have already expired of the fourteen (14) days allowed to file objections. Plaintiff's objections are due on November 20, 2014. Additionally, the RTR (174) is thirty five (35) pages long and deals with the complicated subject of Summary Judgment. The RTR (174) has many citations, and points of fact and law that Plaintiff must research. Because Plaintiff is restricted to only five (5) case law check outs at a time through a paging system he will need the extra time to obtain all the research he needs to object appropriately to the RTR (174). This too is beyond Plaintiff's control. Therefore, Plaintiff has made a showing of good cause and the court should grant the enlargement. Director, at 590; Ruleford, at 791; Donald, at 549; and see U.S. v. Frorelli, 337 F.3d 282, 289-90 (3rd Cir. 2003).

Dated this 11th day of November, 2014.

/s/ Kevin Fernandez
Kevin Fernandez #20483
NNCC - Box 7000
1721 East Snyder Ave.
Carson City, NV 89702
Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November, 2014, pursuant to FRCP 5(b), I did serve a true and correct copy of the foregoing on Defendants by giving same to prison officials for mailing via U.S. Mail First Class prepaid by NDOC and charged to my NDOC account sealed in an envelope addressed to:

Douglas A. Bahr
Solicitor General
500 No. 9th Street
Bismarck, ND 58501

Sworn to under oath under penalty of perjury that the foregoing is true and correct.

Dated this 11th day of November, 2014.

                                                                                           _____
                                                                                           Plaintiff, Pro Se

-3-